Charles F. Graney, J.
This intercounty support petition was filed in Oneida County pursuant to article 3-A of the Domestic Relations Law and section 411 of the Family Court Act. The relief requested is an order of child support for the daughter of the parties. The girl lives with the petitioner mother in Oneida County. The petition was forwarded to Genesee County, where the respondent father resides, as provided for in sections 35 and 37 of the Domestic Relations Law.
The petition indicates, and the testimony attached thereto makes clear, that the parties have been granted a divorce by Supreme Court, Oneida County, which decree provides for the support of this child.
It is the conclusion of this court that subdivision (a) of section 461 of the Family Court Act requires a dismissal of the petition since there is "an order of the supreme court * * * requiring support of the child”. It is obvious that the petitioner could not file a similar petition under article 4 of the Family Court Act if she lived in the responding county and the fact that she lives in a different county should not result in her acquiring any greater rights. Once the Supreme Court has settled the question of child support there is no logical or legal reason to permit the relitigation of the issue in Family Court. This is not a petition to modify the Supreme Court divorce decree and, in fact, there is no language in article 3-A of the Domestic Relations Law that would authorize such petition.
It has been this court’s experience that filing of Uniform Support of Dependents Law (Domestic Relations Law, art 3-A) petitions in circumstances such as this is commonplace. The reason usually given is that Supreme Court orders are difficult to enforce once the parties move to separate parts of the State. This may well be true, especially where the petitioner is of limited means. However, this difficulty cannot operate to give the court jurisdiction where none exists under the statute. If there is a problem enforcing support orders in these circumstances, and this court feels there definitely is, then a *870 solution should be formulated by the Legislature, with the guidance of the Bench and Bar.
Petition dismissed.