■ AGNES NICHOLS, Formerly AGNES M. BARDUA, Respondent, v PHILLIP J. BARDUA, Appellant.—In a matrimonial action in which the husband had been granted a judgment of divorce, he appeals from a judgment of the Supreme Court, Dutchess County, entered April 30, 1979, which adjudged him liable for child support arrears under the divorce judgment. Judgment affirmed, without costs or disbursements. Appellant, Phillip Bardua, and his former wife, respondent Agnes Nichols, were divorced in 1975. A stipulation of the parties, which provided that appellant was to make monthly payments to respondent of $400 for the support of the two children of the marriage, was incorporated and merged in the divorce judgment. That judgment further provided that the Supreme Court and Family Court were to retain concurrent jurisdiction over the matter for the purpose of enforcing, or modifying, the support provisions. In September, 1975 the respondent commenced a proceeding in the Dutchess County Family Court pursuant to article 3-A of the Domestic Relations Law, the Uniform Support of Dependents Law (USDL), alleging that appellant had ceased to make support payments in the amount provided in the divorce judgment. Appellant responded to the petition in the Westchester County Family Court, which court ordered him to pay child support in the reduced amount of $325 per month. In July, 1978 respondent commenced a second USDL proceeding in Dutchess County. Appellant, appearing in the Connecticut Court of Common Pleas in response to the petition, conceded that he had reduced his monthly support payments to $260. The Connecticut court orally directed him to continue making payments in the reduced amount. No order was entered on the court's directive. Respondent brought the instant application by order to show cause in February, 1979 seeking a money judgment for support arrears which have accumulated under the original divorce judgment. Appellant argued, in opposition to the motion, that the two USDL "orders" had constituted modifications of the original divorce judgment and that he was not liable for any payments in excess of the amounts which had been fixed by the responding courts. We agree with respondent, and with Special Term, that the two USDL proceedings did not in any way impair or reduce appellant's obligation to provide child support in conformance with the provisions of the divorce judgment. With regard to the Connecticut court's directive, we note that Connecticut's Uniform Reciprocal Enforcement of Support Act (the analogue of our USDL) provides (see Conn Gen Statutes Ann, former § 17-351, now § 46b-204): "Application of payments Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce, dissolution of marriage or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." Accordingly, even if the Court of Common Pleas directive had been reduced to a written order, it could not, under Connecticut law, have constituted a modification of the divorce judgment. (See, also, *Banton v Mathers,* 159 Ind App 634; *Campbell v Jenne,* 563 P2d 574 [Mont].) New York's USDL does not contain any provision equivalent to the afore-mentioned Connecticut statute. It should be noted, however, that subdivision 1 of section 41 of the Domestic Relations Law expressly provides that the USDL should be construed as

providing an "additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter." To construe the Westchester County USDL order as a modification of the divorce judgment would impair respondent's right to seek a money judgment for arrears under the original divorce judgment, a result clearly contrary to the USDL's character as an "additional or alternative" remedy. We note, moreover, the fundamental unfairness in permitting the court of a remote county or jurisdiction, in which the support obligee has not appeared, to reduce, or nullify the obligee's rights under prior, non-USDL court orders. We have examined appellant's remaining contention and find it to be without merit. Damiani, J. P., Titone, Cohalan and O'Connor, JJ., concur.