OPINION OF THE COURT
Anthony F. Bonadio, J.
This is a proceeding filed pursuant to the provisions of the Uniform Support of Dependents Law of the State of New York (Domestic Relations Law, art 3-A), seeking support from the respondent for his child Jennifer Coniglio, age 4. The case was *492 referred to the hearing examiner who, after hearing the proof, made the following findings:
1. The respondent is a seasonal construction worker, his work period usually runs from June to November, during which time he would earn about $315 gross, $210 net. He can then pay $60 per week support.
2. Between November and June he is unemployed, but receives unemployment benefits ($125 per week) and union benefits ($37 per week) for all but about a month of that period.
3. Based on the foregoing I recommend a permanent order be made consistent with these findings, payments to be made by wage deduction and through the Monroe County Support Bureau; $60 per week from June 1 of each year to November 1 of each year; $25 per week from November 1 to June 1 of the following year. All other provisions of the divorce decree should continue.
The respondent has filed anj objection to the hearing examiner’s findings; and as a result this court has heard the arguments of counsel and reviewed the recording tapes and exhibits.
The court makes the following rulings on respondent’s objections:
1. Objection No. 1 sustained;¡Objection No. 2 denied.
In view of the fact that a divorce decree has already provided for a level of child support, the respondent in his answer questions the jurisdiction of this court to entertain this proceeding under article 3-A of the Domestic Relations Law, and cites the case of Matter of Leiguarda v Leiguarda (91 Misc 2d 868). This court is of the opinion that the Leiguarda case should not be followed and finds that it has jurisdiction of this proceeding by reason of the decision of the Court of Appeals dated February 17, 1966, in the case of Lebedeff v Lebedeff (17 NY2d 557).
A proceeding commenced pursuant to the Uniform Support of Dependents Law is an additional remedy to any other remedy a wife may have available to her. See subdivision 1 of section 41 of the Domestic Relations Law, and also Nichols v Bardua (74 AD2d 566, 566-567), which held: "Subdivision 1 of section 41 of the Domestic Relations Law expressly provides that the USDL should be construed as providing an 'additional or alternative civil remedy and shall in no way affect or *493 impair any other remedy, civil or criminal, provided in any other statute or available to the petitioner in relation to the same subject matter.’ To construe [a] USDL order as a modification of the divorce judgment would impair respondent’s right to seek a money judgment for arrears under the original divorce judgment, a result clearly contrary to the USDL’s character as an 'additional or alternative’ remedy.”
In view of this holding in the Nichols case and in view of subdivision 1 of section 41 of the Domestic Relations Law, this court has the authority in this proceeding to determine support on a de nova basis, not bound by the award in the Supreme Court decree.
In Matter of Carter v Carter (58 AD2d 438) the Second Department of the Appellate Division held that a mother was liable for the support of her children on the same basis as a father. (Family Ct Act, §§ 413, 414.)
In Berzins v Berzins (64 AD2d 881), which is almost factually identical with the case at hand, except that it is not a Uniform Support of Dependents Law proceeding, the court noted that the divorce Judge failed to consider the mother’s income and found that the Judge should have considered said income in making its determination.
In this case, the record indicates petitioner’s expenses are established to be $225 per month (without rent) for the support of the child, which amounts to $52 per week. The separation agreement provides for $25 per week. While this court cannot overrule the Supreme Court’s decision, in view of the fact that the incomes are approximately equal after considering tax implications (petitioner’s gross income $13,631.81; respondent’s gross income $11,310.62 and not all taxable), each should contribute to the child’s support on a close to equal basis. Both the Supreme Court Judge and the hearing examiner appear to have failed to consider the petitioner’s income in determining the amount of support to be paid by respondent.
Therefore, this court will set support at $30 per week to be paid by the respondent to the support collection unit and petitioner is free to pursue any other remedy she may have on the divorce judgment as provided in the Nichols case which is cited herein. If respondent misses two consecutive payments, a wage deduction order may be filed without further application to the court. In addition, respondent shall include said child in his medical insurance coverage and dental care as per the *494 terms of the separation agreement between the parties dated April 28, 1978. . |