OPINION OF THE COURT
Kevin C. Fogarty, J.
This proceeding for support was instituted pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), by the petitioner in the Family Court, Rockland County, on December 5, 1979 under its docket number of U.418/1979. In her petition, the petitioner al *995 leges that the respondent has failed to provide any support for their 11-year-old daughter, Denise, for over six years.
The verified petition, the testimony of the petitioner, and the certificate of the Honorable Howard Miller, Judge of the Rockland County Family Court, were duly certified by the clerk of the initiating court and transmitted to the Family Court, Queens County, as the responding court on December 14, 1979. (Domestic Relations Laws, § 35, subd 1.) The Judge’s certificate stated that the petitioner’s needs for the dependent child were $75 per week. (See Matter of Huffman v Huffman, 93 Misc 2d 790, 793-794.)
The petitioner’s certified testimony indicates that the parties were divorced in April, 1972 in Supreme Court, Bronx County. A copy of the divorce decree was among the papers transmitted to this court by the initiating court.
The divorce decree provides that the respondent is to pay to the petitioner for her support and maintenance the sum of $35 per week, and a like sum of $35 weekly for the support and maintenance of their child. It further provides that if the petitioner should remarry, the $35 for her support and maintenance shall immediately cease, but the $35 for child support and maintenance shall automatically increase to $45 per week. Due to the fact that the petitioner’s testimony notes that there is now an order of support of $45 per week from Supreme Court, Bronx County, this court will assume that the petitioner has, in fact, remarried. Even if such assumption were wrong, the petitioner would be unable to proceed under the Uniform Support of Dependents Law in seeking support and maintenance owing to her. (Domestic Relations Law, § 32, subds 1, 2; Martin v Martin, 58 Misc 2d 459.)
Pursuant to subdivision 6 of section 37 of the Domestic Relations Law, the respondent entered a verified denial to the petition on January 21, 1980. At the hearing on March 10, 1980, the respondent filed interrogatories to be served on the petitioner which this court forwarded to the initiating court. Article 3-A of the Domestic Relations Law provides that the respondent shall have the right to cross-examine the petitioner by means of depositions or written interrogatories after the responding court receives the *996 testimony of the petitioner. (Domestic Relations Law, § 37, subds 7, 9.)
On April 15,1980, this court was informed that the petitioner had retained private counsel. At that time, the Assistant Corporation Counsel was relieved.
The respondent submitted a motion returnable on May 5, 1980 requesting a protective order precluding the petitioner’s interrogatories served on the respondent or, in the alternative, precluding the petitioner’s attorney from cross-examining the respondent in the responding court. The respondent also sought an order dismissing the petition in order for the petitioner to file a support petition under article 4 of the Family Court Act or converting the Uniform Support of Dependents Law petition to a support petition without the necessity of reinstituting the proceeding.
The basis for the respondent’s motion is the presence of the petitioner’s outside counsel in the responding court. The respondent stated that, upon information and belief, this attorney will appear at the trial set for this matter and, in addition to the interrogatories served to examine and cross-examine the respondent, will be able to orally cross-examine the respondent before this court. According to the respondent, such a situation puts him at an unfair disadvantage. While the respondent is limited to cross-examination of the petitioner with depositions or written interrogatories, the petitioner has the opportunity to cross-examine the respondent in person through her attorney.
This court finds that the respondent’s contention has merit. Subdivision 9 of section 37 of the Domestic Relations Law states: “Upon the resumption of such hearing, the respondent shall have the right to examine or cross-examine the petitioner and the petitioner’s witnesses by means of depositions or written interrogatories, and the petitioner shall have the right to examine or cross-examine the respondent and the respondent’s witnesses by means of depositions or written interrogatories.” Despite the petitioner’s argument that the sole purpose of the interrogatories is to serve as a tool for discovery, this court is compelled to hold otherwise. Where, as here, the words of a statute are free from ambiguity and express plainly and clearly the *997 legislative intent, resort may not be had to other means of interpretation. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76; Matter of Mosley v Gorfinkel, 81 Misc 2d 999, 1001; Matter of Mack, 81 Misc 2d 802, 805.)
This court is of the opinion that the above rule of statutory construction is applicable when interpreting subdivision 9 of section 37 of the Domestic Relations Law. The statute plainly and clearly outlines the trial procedure to be followed at the hearing in the responding court. Both parties have the right to examine and cross-examine each other and the other party’s witnesses. The viable techniques of such direct examination and cross-examination are specifically limited to the use of depositions or written interrogatories. No mention is made in any subdivision of section 37 of the Domestic Relations Law, which covers the procedure governing actions instituted pursuant to the Uniform Support of Dependents Law, as to in person examination and cross-examination of a party by its adversary’s attorney.
In fact, the Uniform Support of Dependents Law contemplates proceedings in which the petitioner and the respondent each appear in different courts and, more often than not, each appear in different States without the aid of outside counsel, which brings the court to its next point. In the definitional section of the Uniform Support of Dependents Law, the “ [p] etitioner’s representative” is defined as “a corporation counsel, county attorney, state’s attorney, commonwealth attorney and any other public officer, by whatever title his public office may be known, charged by law with the duty of instituting, maintaining or prosecuting a proceeding under this article or under the laws of the state or states wherein the petitioner and the respondent reside.” (Domestic Relations Law, § 31, subd 7.) As read by this court, the above-quoted section also comes within the purview of section 76 of McKinney’s statutes (McKinney’s Cons Laws of NY, Book 1) in that there is no need for interpretation and, therefore, no attempt at construction will be made. In other words, the plain meaning of the statute will guide the court in its determination of the appropriate person to be the “[p] etitioner’s representative”.
*998 Because the legislative intent in enacting subdivision 7 of section 31 of the Domestic Relations Law is clear, this court relieves the petitioner’s attorney and reinstates the Assistant Corporation Counsel as the petitioner’s representative. All express references to the petitioner’s representative in the statute are made to those attorneys who represent the governmental interest, e.g., corporation counsel, commonwealth attorney; the general reference speaks of any public officer charged with the duty of instituting, maintaining, or prosecuting a Uniform Support of Dependents Law proceeding. There is no indication in any of the provisions of the Uniform Support of Dependents Law that private outside counsel would be a proper petitioner’s representative. In actuality, the opposite, i.e., public counsel, is whom the law foresees as best representing the petitioner’s interest in a Uniform Support of Dependents Law proceeding. If the petitioner in this case finds that the Assistant Corporation Counsel is inadequate to best represent her needs, she has a remedy, that is, she can institute a support proceeding under article 4 of the Family Court Act wherein she can be represented in court by counsel of her own choosing.
Finally, the court feels obligated to make one last point although neither party spoke to it in his or her papers. A statement in the parties’ divorce decree reads as follows: “ordered, adjudged and decreed that this judgment may be enforced and modified only in the Supreme Court.” Pursuant to section 461 of the Family Court Act, this express reservation of jurisdiction by the Supreme Court could result in a dismissal of the entire Uniform Support of Dependents Law proceeding for want of jurisdiction in the Family Court. (Family Ct Act, § 461, subd [b], par [ii]; see, also, Matter of Leiguarda v Leiguarda, 91 Misc 2d 868 [where the Family Court, Genesee County, dismissed an intercounty support petition filed pursuant to the Uniform Support of Dependents Law]; but see Matter of Shinouda v Shinouda, 96 Misc 2d 290, 292-293 [where the Family Court, Ulster County, strongly disagreed with the holding in Matter of Leiguarda v Leiguarda (supra), citing in support of its position section 41 of the Domestic Relations Law entitled “Construction of article”].)
*999 However, this court finds that such a reading of the Uniform Support of Dependents Law as construed by the Family Court in Matter of Leiguarda v Leiguarda (supra) would only serve to defeat the purpose of the Uniform Support of Dependents Law, which is to provide a convenient forum for support proceedings when the parties do not reside in the same States, or even in the same counties within the State. Moreover, the petitioner has chosen to proceed by a Uniform Support of Dependents Law proceeding, rather than pursuant to the divorce decree of the Supreme Court. Such an election provides an independent source of jurisdiction upon the responding court over the respondent, unrelated to the continuing jurisdiction attendant to the prior divorce proceeding between the parties. (Matter of Diann P. v Gene P., 86 Misc 2d 844, 848; Lebedeff v Lebedeff, 17 NY2d 557; Domestic Relations Law, § 34, subds 1, 2; §§ 35, 37, 41.)
Therefore, the respondent’s motion is granted to the extent that the means of examination and cross-examination of the parties is limited to depositions and written interrogatories as proscribed by subdivision 9 of section 37 of the Domestic Relations Law. In addition, as stated (supra), the petitioner’s attorney is relieved and the Assistant Corporation Counsel is reinstated unless the petitioner opts to proceed under article 4 of the Family Court Act.
The clerk of the court is directed to calendar this case for a hearing on August 15, 1980 in Part III.