OPINION OF THE COURT
Raymond E. Cornelius, J.
The petition, in the pending case, filed pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A) requests that an order be made for current support of one minor child, and for payment of arrears in the amount of $2,400. The order and certificate from the Circuit Court in the State of Illinois, the initiating jurisdiction, requests that this court make a current order of support in the amount of $50 per week and enforce payment of arrears in the amount set forth in the accompanying petition. Based upon a review of the petition and certificate, together with the other supporting documents, it is apparent that the amount of current support, being requested, as well as the stated arrears, are based upon an order of the Circuit Court, filed on July 31, 1980, which provided for child support in the amount of $50 per week, and thereby modified the 1973 divorce decree, made by the same court, which had provided for support for each minor child in the amount of $25 per week.
The respondent interposed an answer, and, pursuant to section 439 of the Family Court Act, all issues of fact, *145 pertaining to the respondent’s obligation of support, were referred to the hearing examiner. (See Nola J. v Hugh F., 108 Misc 2d 925.) The report of the hearing examiner recommended that the respondent pay the amount of $40 per week for current support, and, in addition, the amount of $10 per week to be applied upon arrears. The report further indicated that the amount of arrears was based upon the modified order of the Illinois Circuit Court, but with a credit for a recommended cancellation of a portion thereof. This credit represented support payments made by the respondent during a period of time he had been disabled, and for which, the child had also received Social Security payments.
Both the respondent’s answer, which contains affirmative defenses, and his objections to the report of the hearing examiner are similar in nature. In essence, the respondent has attempted to raise procedural and substantive issues addressed to the July 31,1980 modified order of the Illinois Circuit Court. These include the adequacy of the notice to the respondent, prior to the order, as well as the factual basis for this order, under the law of the State of Illinois. However, it is unnecessary to address these issues for reasons hereinafter stated.
Formerly, some courts have held that article 3-A of the Domestic Relations Law does not authorize an enforcement of arrears, whether based upon a foreign order or an order of this State. (See, e.g., Matter of Jane S. D. v Francis X. D., 110 Misc 2d 737; Matter of Post v Moore, 99 Misc 2d 812.) More recently, at least one appellate court has held that Family Court does possess jurisdiction, for example, to enter a money judgment for arrears, pursuant to subdivision 1 of section 460 of the Family Court Act, which is made applicable to proceedings under the Uniform Support of Dependents Law by subdivision 1 of section 37 of the Domestic Relations Law. (Matter of Lee v De Haven, 87 AD2d 576.) Nevertheless, this decision presumably involved arrears accruing from an order of a court of this State, and, therefore, is not dispositive of the issue in the pending case. Although a petitioner, who resides in another State, may commence a de novo proceeding for support, pursuant to the procedure set forth in section 37 of *146 the Domestic Relations Law, the procedure for enforcement of a foreign support order, already in existence, is found in section 37-a of the same law.
In substance, if the duty of support is based upon a foreign support order, a petitioner is provided the additional remedy of registering that order in the registry of foreign child support orders, which is maintained by the clerk of each Family Court. Furthermore, upon registration, the order may be “enforced and satisfied” in the same manner as a support order of this State. (Domestic Relations Law, § 37-a, subd 6, par [a].) Nevertheless, a respondent is entitled to petition the court to vacate the registration, within 20 days after mailing of notice of the registration. (Domestic Relations Law, § 37-a, subd 6, par [b].) Thus, upon such a petition, it might well be appropriate to address the kinds of issues which the respondent has attempted to raise by his answer and objections in the pending case, such as, for instance, the adequacy of notice of the proceeding which resulted in the foreign support order.
The problem occurs in this case, as in many other proceedings under the Uniform Support of Dependents Law, because the foreign support order is not registered in accordance with section 37-a of the Domestic Relations Law, although reference is frequently made in such petitions to the existence of a foreign support order or orders. This court will adhere to the decisional authority, which holds that Family Court does have jurisdiction to grant a judgment for arrears, or otherwise to enforce payment thereof. (Matter of Lee v De Haven, supra.) Nevertheless, in those cases involving foreign support orders, this court is without jurisdiction to enforce payment of arrears unless the foreign support order has been registered, pursuant to the provisions of section 37-a of the Domestic Relations Law.
This court has previously held that the hearing examiner’s report should be confirmed unless contrary to the weight of the credible evidence or erroneous as a matter of law. (Matter of Weiner v Weiner, 97 Misc 2d 920.) Accordingly, the hearing examiner’s report in the pending case is confirmed to the extent that it recommends current sup *147 port in the amount of $40 per week, but rejected insofar as the report provides for enforcement and/or cancellation of arrears based upon the modified support order of the Circuit Court of the State of Illinois. Petitioner may wish to seek enforcement of that order by following the procedure set forth in section 37-a of the Domestic Relations Law, or pursue other remedies. (See Blackburn v Blackburn, 113 Misc 2d 619.)