OPINION OF THE COURT
Hugh R. Elwyn, J.
In this proceeding brought under the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), initiated in the Family Court of Erie County and forwarded to this court as the court of the responding State (Domestic Relations Law, § 31, subd 10), having exclusive original jurisdiction over such proceedings under such law (Family Ct Act, § 411) the petitioner seeks, and a Family Court Judge of Erie County has found that, according to the petitioner’s testimony, the needs of the dependent children named in the petition are in the sum of $100 per week, plus medical and dental coverage.
At the initial hearing held in this court on November 1, 1983, the respondent appeared with counsel and filed a reply to the petition in which he admitted the allegations contained in paragraphs numbered 1, 2, 3 and 4 of the petition, denied each and every allegation contained in paragraphs numbered 5, 6 and 7 and as an affirmative defense pleaded that “there exists an agreement between the parties that was incorporated into the judgment of divorce which was not merged and therefore survived such *537 judgment, and sets forth the obligations for support, a copy of said agreement is annexed hereto and made a part hereof.” Wherefore the respondent prayed that the proceeding be dismissed.
A reference to the separation agreement between the parties, annexed to the respondent’s reply, shows that in paragraph 3 it was provided that “the husband shall pay to the wife at her place of residence the weekly sum of $70 as and for child support, allocated $35 per week for each child. Said amounts shall be reviewed yearly and shall be increased in proportion to 25% of any increased net income (after taxes) of the husband.”
Paragraph 4 provides that “the husband shall pay for and be responsible for all medical and dental insurance covering the children herein, and shall also be obligated to pay for any extraordinary uninsured medical and dental expenses.”
Paragraph 5 provides that “the husband agrees that he will maintain in full force and effect, all policies of insurance on his life for the benefit of the children.”
At the initial hearing the respondent having controverted the petition and having entered a verified denial of three of the material allegations of the petition, the court, in accordance with the provisions of subdivision 6 of section 37 of the Domestic Relations Law, stayed the proceedings and transmitted to the Judge of the initiating court a transcript of the clerk’s minutes showing the denials entered by the respondent, along with a copy of the respondent’s reply raising an affirmative defense to the petition.
At the same time counsel for the respondent submitted written interrogatories to be asked of the petitioner which were also transmitted to the initiating court for the petitioner’s reply. The petitioner’s answers to the respondent’s interrogatories were received by this court on December 6, 1983. There has never been any compliance by the Judge of the initiating court with the provisions of subdivision 7 of section 37 of the Domestic Relations Law which requires him to “take such proof, including the testimony of the petitioner and the petitioner’s witnesses and such other evidence as the court may deem proper, and, after due deliberation, the court shall make its recommendation, *538 based on all of such proof and evidence, and shall transmit to the court in the responding state a certified transcript of such proof and evidence and of its proceedings and recommendation in connection therewith.”
Nevertheless the clerk of this court upon receipt of the petitioner’s answers to the respondent’s interrogatories rescheduled the matter for a further hearing before this court on December 13, 1983. In accordance with subdivision 8 of section 37 of the Domestic Relations Law, the court resumed its hearing in the proceeding and gave the respondent a reasonable opportunity to appear and reply.
At the resumed hearing counsel for the respondent moved to dismiss the proceeding upon the ground that there exists a Supreme Court judgment of divorce which had incorporated by reference a separation agreement which provided for the support of the children and with which he was fully complying and that the petition in the Uniform Support of Dependents Law proceeding alleges no change in circumstances since the parties entered into their separation agreement.
In support of the latter contention the respondent cites the cases of Matter of Brescia v Fitts (56 NY2d 132), Matter of Michaels v Michaels (56 NY2d 924), and Van Niel v Van Niel (93 AD2d 986), for the proposition that while there need no longer be a showing of an unanticipated or unreasonable change of circumstances as required by Matter of Boden v Boden (42 NY2d 210), the case law still requires a showing of some change of circumstances.
It is noted, however, that none of the cited cases arose under the Uniform Support of Dependents Law, but arose in other contexts. If this proceeding had arisen under article 4 of the Family Court Act, it must be conceded that before the court could modify the provisions of a Supreme Court order requiring child support there would have to be a showing “that changed circumstances require[d] such modification”. (Family Ct Act, § 461, subd [b], par [ii].) This proceeding is not, however, a proceeding for support under article 4 of the Family Court Act, but rather a proceeding under article 3-A of the Domestic Relations Law and that simple fact, illogical as it may seem, makes *539 the difference in the petitioner’s legal rights as against the respondent.
The argument that the respondent is already fully complying with the Supreme Court’s judgment of divorce which had incorporated the parties’ separation agreement and that the respondent should not be asked to do more than the Supreme Court has ordered him to do without some showing of a change of circumstances is appealing and finds some support in the case of Matter of Leiguarda v Leiguarda (91 Misc 2d 868).
However, Matter ofLeiguarda (supra), which refused to allow an out-of-county petitioner to acquire any greater rights against a respondent than a petitioner who was a resident of the same county as the respondent, has been criticized and was not followed by this court in its decision in Matter of Shinouda v Shinouda (96 Misc 2d 290, 292-293), nor was it followed by the Family Court of Monroe County in Matter of Coniglio v Coniglio (104 Misc 2d 491, 492-493).
Section 41 of the Domestic Relations Law, entitled “Construction of article” provides in subdivision 1 that “This article shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter” (emphasis supplied).
In Lebedeff v Lebedeff (17 NY2d 557, 559), the Court of Appeals said “This is a separate special proceeding under article 3-A of the Domestic Relations Law (Uniform Support of Dependents Law), invoked by [the] petitioner, which provides an independent source of jurisdiction conferred upon the Family Court (Family Ct. Act, § 411; see Landes v. Landes, 1 N. Y. 2d 358)”.
Upon the authority of Lebedeff v Lebedeff (supra), Nicholos v Bardua (74 AD2d 566, 567), Matter of Shinouda v Shinouda (supra), and Matter of Coniglio v Coniglio (supra), the court holds that it has the authority in this proceeding to determine support for the children on a de novo basis, not bound by either the Supreme Court’s judgment of divorce or the parties’ separation agreement (Fam *540 ily Ct Act, § 461, subd [a]; Matter of Boden v Boden, supra, p 212; Moat v Moat, 27 AD2d 895).
Consequently, the court finds that the affirmative defense set forth in the respondent’s reply to the petition is insufficient, as a matter of law, to divest the court of its exclusive original jurisdiction to entertain this proceeding (Family Ct Act, § 411) and the respondent’s motion to dismiss the proceeding is denied.
The clerk of the court is directed to schedule the matter, on due notice to the interested parties for a de novo hearing on the issues raised by the petition and the respondent’s reply thereto.