opinion of the court
Arthur J. Abrams, J.
In this Uniform Support of Dependents Law (USDL) proceeding brought pursuant to article 3-A of the Domestic Relations Law, petitioner former husband, now a resident of Virginia, seeks a modification of the provisions of a divorce decree (Supreme Ct, Suffolk County, entered June 28, 1982, Geiler, J., Index No. 82-12485) insofar as it relates to spousal and child support. Specifically, petitioner requests a termination of alimony, reduction of child support and a vacatur of arrears.
Respondent former wife, a Suffolk County resident, moves orally for a dismissal of the petition upon the ground that the court lacks subject matter jurisdiction in USDL action to modify a non-USDL order. We concur.
The purpose of USDL proceedings is to “secure support in civil proceedings for dependent spouses and children” (Domestic Relations Law, § 30). Thus, the intent of the draftsmen of the USDL was to enlarge the remedies of dependents, not diminish them. A corollary of that intention is that the USDL was designed to enforce previously determined support obligations by the making of support orders not to modify or terminate non-USDL support orders (Cahn v Cahn, 117 Misc 2d 1054). The USDL provides *634 an independent source of jurisdiction over a respondent, unrelated to the continuing jurisdiction attendant to the prior divorce proceeding between the parties (Matter of Maza v Iaia, 105 Misc 2d 992). Subdivision 1 of section 41 of the Domestic Relations Law provides that the USDL shall be construed to furnish “an additional or alternative civil remedy and shall in no way affect or impair any other remedy * * * available to the petitioner”. Clearly, if the “petitioner” prevails here, the respondent’s rights under the divorce decree will have been affected or impaired.
In Nichols v Bardua (74 AD2d 566), a former husband appealed from a Supreme Court order granting his former spouse a money judgment for child support arrears accrued under their divorce decree. The decree provided for $400 per month child support and the arrears were calculated on that amount. Subsequent to the divorce, the former wife had obtained in an intrastate USDL proceeding a support order in the reduced sum of $325 per month. In a later interstate USDL proceeding a responding Connecticut court approved a payment of $260 a month. The ex-husband argued on appeal that the amount of the money judgment should have been computed on the basis of the lower USDL amounts. In rejecting appellant’s contention the Appellate Division, Second Department, stated (p 567): “To construe the Westchester County USDL order as a modification of the divorce judgment would impair respondent’s (former wife) right to seek a money judgment for arrears under the original divorce judgment, a result clearly contrary to the USDL’s character as an ‘additional or alternative’ remedy.”
Further argument against this court’s assumption of jurisdiction is provided by section 37 of the Domestic Relations Law, which provides that a USDL proceeding shall be commenced by a “petitioner”, and section 31 of the Domestic Relations Law, which provides that a “petitioner” shall mean and include each dependent person for whom support is sought. Thus, the petitioner here, not being in the dependent category or one who requires support, is not authorized to initiate this USDL proceeding.
*635 Accordingly, the petition is dismissed upon the ground that this court is without subject matter jurisdiction under the Uniform Support of Dependents Law.