In the Matter of Ghazal Martin, Appellant, v Derrick D. Martin, Respondent.

Second Department, April 20, 1987

## APPEARANCES OF COUNSEL

*C. Compton Spain, Deputy County Attorney,* for appellant.

*William J. Florence, Jr. (Charles A. Shapiro* of counsel), for respondent.

## OPINION OF THE COURT

BROWN, J.

The question to be decided on this appeal is whether the Family Court may, in a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A; hereinafter USDL), issue an order to enforce the child support provisions of a foreign divorce decree which has not been registered in this State. We conclude that, given the absence of a legislative grant of such authority, the Family Court is powerless to make such an order. Accordingly, we remit this matter to the Family Court, Putnam County, to give Mrs. Martin the opportunity to register the foreign judgment pursuant to which she seeks to collect child support which is now past due.

There is no significant dispute as to the facts. On May 3, 1984, Ghazal Martin executed a "complaint for support" in the State of California. The complaint designated the District Attorney of the County of Los Angeles as the attorney for the petitioner and indicated that Mrs. Martin was proceeding pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act of the State of California (Cal Code Civ Pro § 1650 *et seq.).*

In her complaint, Mrs. Martin alleged that she and respondent Derrick David Martin had been married in London, England, on August 3, 1968, and had thereafter been divorced in Los Angeles, California, on April 18, 1975. It was further alleged that the parties were the parents of a child, Amir David Martin, who resided with Mrs. Martin in California, and that the respondent had been ordered by the Superior Court of the State of California, County of Los Angeles, which had issued the divorce judgment, to pay $300 per month as

support for the child. The relief sought by Mrs. Martin included: (1) an order directing the respondent to pay a "reasonable amount" of child support, and (2) an order directing the respondent to pay $4,950 in arrears alleged to have accrued under the child support provisions of the California judgment.

In accordance with California law (Cal Code Civ Pro § 1676), a Judge of the Superior Court of that State issued an order directing the clerk of that court to transmit, together with a copy of that order, three copies of Mrs. Martin's complaint and a copy of California's Uniform Reciprocal Enforcement of Support Act to the Clerk of the Family Court, Putnam County. Receipt of said documents was acknowledged by the Clerk of the Family Court, Putnam County, on June 18, 1984.

Following receipt of the documents from California, the Family Court, in accordance with New York's USDL issued a summons directing the respondent to appear (Domestic Relations Law § 37 [4]). The respondent in fact appeared in the Family Court on July 12, 1984, and the matter was adjourned so that the respondent could retain counsel. On August 2, 1984, the court directed that the Support Collection Unit make an investigation of the finances of the respective parties. The case was again adjourned several times. Interrogatories prepared by the respondent's attorney were sent to Mrs. Martin in California and responses to those interrogatories were thereafter returned to New York.

On April 16, 1985, the Putnam County Attorney (representing the petitioner pursuant to Domestic Relations Law § 31 [7]) and the attorney for the respondent appeared in the Family Court. The court, after stating that "[m]y recollection is that this is a petition from California seeking arrears on a California order" and that "[w]e are not a collection agency for another state" dismissed the petition on its own motion. A written order was later signed by the court, in which it was stated that "[t]his court has no jurisdiction to collect arrears on a California order". However, the dismissal was "without prejudice". A motion to reargue, which was denied, as well as this appeal, followed.

On appeal, the petitioner argues that in a proceeding brought pursuant to the USDL, the Family Court has jurisdiction to entertain her application for an order granting her "reasonable" child support. The respondent does not controvert this assertion, and we agree that it is correct. The Family Court, in a proceeding pursuant to the USDL, has subject

matter jurisdiction to direct a father, who is within the jurisdiction of the court, to pay a reasonable sum of money for the support of his minor child (see, Domestic Relations Law § 32 [3]; § 34 [2]; Family Ct Act § 411). We note that the respondent has not, and does not now, contest the Family Court's jurisdiction over his person and does not argue that there has occurred any defect or irregularity which would deprive the court of personal jurisdiction over him. We also note that, as far as can be determined from the record on appeal, the respondent has never formally denied the allegations of the petition (see, Domestic Relations Law § 37 [6]). Since it is clear that so much of the petition as seeks an order directing the respondent to pay current child support was improperly dismissed, reversal is necessary on that basis alone.

The petitioner argues further, however, that the Family Court erred in holding that it lacked the power to direct the payment by the respondent of arrears which have accumulated with respect to his child support obligations under the 1975 California divorce judgment. It is clear that if the judgment had been registered in New York pursuant to the provisions of the USDL governing the registration of foreign child support orders (Domestic Relations Law § 37-a), the court would have the power to order the payment of "any arrears which may have accrued under such order prior to registration" (Domestic Relations Law § 37-a [7]). However, despite apparent efforts by the Putnam County Attorney to obtain from California the documents needed in order to register the California divorce judgment, that registration has not occurred. Nevertheless, the petitioner argues that, even in the absence of the registration of the divorce judgment, the Family Court has the power in a USDL proceeding to mandate the payment of arrears which have accrued under a foreign child support order. In this regard, we disagree.

It is axiomatic that the Family Court possesses only the power which is explicitly conferred on it by statute (Matter of Borkowski v Borkowski, 38 AD2d 752). The Family Court does have the power to enforce foreign support orders in the context of a proceeding pursuant to Family Court Act article 4. Family Court Act § 461 (b) provides:

"(b) If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may

"(i) entertain an application to enforce the order requiring support; or

"(ii) entertain an application to modify such order on the ground that changed circumstances requires such modification, unless the order of the supreme court provides that the supreme court retains exclusive jurisdiction to enforce or modify the order".

Also, Family Court Act § 466 (c) provides:

"(c) If the supreme court enters an order or decree granting alimony, maintenance or support in an action for divorce, separation or annulment and if the supreme court does not exercise the authority given under subdivision (a) or (b) of this section; or if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony, maintenance or support in any such action, the family court may

"(i) entertain an application to enforce the order or decree granting alimony or maintenance, or

"(ii) entertain an application to modify the order or decree granting alimony or maintenance on the ground that there has been a subsequent change of circumstances and that modification is required".

Thus, it is clear that in a proceeding brought pursuant to article 4 of the Family Court Act, the Family Court has the power to enforce the support provisions of a foreign divorce judgment, irrespective of whether the judgment was issued upon grounds recognized in New York (Matter of Seitz v Drogheo, 21 NY2d 181, 185). However, this is not a proceeding brought pursuant to article 4 of the Family Court Act. Instead, the petitioner has chosen to proceed pursuant to the USDL, or, rather, its California counterpart. In such a proceeding, the Family Court's power is limited by the terms of Domestic Relations Law § 34 which provides:

"1. The court shall have jurisdiction regardless of the state of last residence or domicile of the petitioner and the respondent and whether or not the respondent has ever been a resident of the initiating state or the dependent person has ever been a resident of the responding state.

"2. The court of the responding state shall have the power to order the respondent to pay sums sufficient to provide necessary food, shelter, clothing, care, medical or hospital expenses, expenses of confinement, expenses of education of a child, funeral expenses and such other reasonable and proper

expenses of the petitioner as justice requires, having due regard to the circumstances of the respective parties. Where the petitioner's needs are so urgent as to require it, the court may make a temporary order for support pending a final determination.

"3. The courts of both the initiating state and the responding state shall have the power to order testimony to be taken in either or both of such states by deposition or written interrogatories, and to limit the nature of and the extent to which the right so to take testimony shall be exercised, provided that the respondent is given a full and fair opportunity to answer the allegations of the petitioner".

Clearly, nothing in this statute empowers the Family Court to enforce foreign child support orders; the sole function of the Family Court, where New York is acting as the responding State in a USDL proceeding, is to fix a sum sufficient to cover the "reasonable" expense of support and to make an order directing a responsible person to pay that sum. Although there is no appellate case law on the subject, numerous courts of first instance have recognized that Domestic Relations Law § 34 does not empower the Family Court to direct the payment of child support arrears alleged to have accrued under a foreign support order (*see, Matter of Bowers v Bowers,* 118 Misc 2d 144; *Matter of M. H. v C. M.,* 118 Misc 2d 810; *Matter of Jane S. D. v Francis X. D.,* 110 Misc 2d 737; *Hotetz v Hotetz,* 60 Misc 2d 271; *Matter of County of Santa Clara v Hughes,* 43 Misc 2d 559).

In the case of *Matter of Lee v De Haven* (87 AD2d 576), this court did, however, interpolate into a USDL proceeding a provision of article 4 of the Family Court Act so as to permit the court to make an order directing the entry of a money judgment in order to enforce a spouse's right, under a New York divorce judgment, to child support arrears (Family Ct Act § 460 [1]). The holding of the *Lee* case is not controlling, however, since the decree which was sought to be enforced in that case was a domestic, rather than a foreign one. The holding of the court in *Lee* can be viewed as part of the tendency shown in various decisions to make certain provisions of article 4 applicable to USDL proceedings (*see, e.g., Matter of Murdock v Settembrini,* 21 NY2d 759 [art 4 attorneys' fees provision applicable to USDL proceeding]; *Matter of Schneider v Schneider,* 72 Misc 2d 423 [art 4 blood-test provisions applicable to USDL proceeding]; *see also, Griffin v Griffin,* 89 AD2d 310; *Sorbello v Cook,* 93 Misc 2d 998 [art 4

visitation provision sometimes applicable in USDL proceedings]). It should be pointed out, however, that this trend towards interpolation of article 4 provisions into the USDL has been questioned *(e.g., Martin v Martin,* 58 Misc 2d 459), and is arguably inconsistent with prior case law in which it has been held that, since the USDL is a separate and additional remedy (Domestic Relations Law § 41 [1]), the terms of the Family Court Act do not apply thereto.

In *Lebedeff v Lebedeff* (17 NY2d 557), the Court of Appeals held that the Family Court had the power to make an order directing payment of child support in a USDL proceeding, although if such relief had been sought in a proceeding pursuant to article 4, the Family Court would not have had jurisdiction because the Supreme Court had earlier expressly reserved exclusive jurisdiction over child support *(see,* Family Ct Act § 461 [b]). The court indicated that the Family Court could exercise powers in a USDL proceeding *(e.g.,* the power to make an order as to child support notwithstanding the Supreme Court's having retained exclusive jurisdiction to do so) which the same court would otherwise be unable to exercise in an ordinary child support proceeding brought under article 4. The *Lebedeff* case is illustrative of how the USDL proceeding is substantively different from proceedings brought pursuant to article 4 of the Family Court Act. Similarly, it has been held that the Family Court, in a USDL proceeding, may, in effect, modify an outstanding support order, although such modification would not be permitted in a proceeding pursuant to article 4 *(see,* Family Ct Act § 461 [b] [ii]; *Matter of Griffin v Griffin,* 122 Misc 2d 536; *Matter of Coniglio v Coniglio,* 104 Misc 2d 491; *contra, Matter of Leiguarda v Leiguarda,* 91 Misc 2d 868).

On this appeal, however, we need not and do not consider the validity of these decisions, and we need not decide the extent to which the provisions of article 4 may, in certain circumstances, be properly applied in USDL proceedings. Whatever need may heretofore have existed to interpolate the enforcement procedures of article 4 into the USDL, as reflected in the *Lee* case *(supra),* no longer remains. Domestic Relations Law § 37-a (7) which was enacted in 1985 (L 1985, ch 809, § 5) clearly confers power on the Family Court to enforce the petitioner's right to arrears in child support payments under the California judgment provided that the judgment is properly registered. In that event, it may thereafter be enforced just as if it were a New York judgment (Domestic

Relations Law § 37-a [6] [a]). But such power exists only if the judgment is properly registered (see, Matter of Bowers v Bowers, supra).

Since it appears that efforts have been made by the County Attorney, on Mrs. Martin's behalf, to comply with the registration requirements set forth in Domestic Relations Law § 37-a, we remit this matter to the Family Court in order that the California judgment may be registered in accordance with the provisions of Domestic Relations Law § 37-a and thereafter enforced.

Finally, we note that the power to enforce the collection of arrears due under a foreign judgment, upon registration of the judgment in this State pursuant to Domestic Relations Law § 37-a, applies only with respect to arrears of child support. The Legislature chose not to provide a similar remedy with respect to spousal support, alimony, or maintenance.

Accordingly, the order of the Family Court, Putnam County, entered April 18, 1985, should be reversed, on the law, without costs or disbursements, the petition should be reinstated, and the matter should be remitted to the Family Court, Putnam County, for further proceedings consistent herewith.

MANGANO, J. P., RUBIN and EIBER, JJ., concur.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Putnam County, for further proceedings consistent with the opinion herewith.