Requestor: Todd Becraft, Assistant County Attorney Orange County Department of Law Orange County Government Center Goshen, New York 10924
Written by: Siobhan Shanks, Assistant Attorney General
You have asked whether the county attorney, designated as the petitioner's representative under the Uniform Support of Dependents Act (Domestic Relations Law, §§ 30-43), is permitted or required to represent individual petitioners who appear in proceedings pursuant to the Act. It is our opinion that the county attorney is required to represent such individuals.
The Act establishes procedures for interstate and intercounty enforcement of support obligations through a bifurcated proceeding. The petitioner submits a petition alleging entitlement to support to the appropriate court in his jurisdiction (the initiating court), which forwards the petition to the appropriate court in the defendant's jurisdiction the responding court). Each court then conducts a hearing on the alleged support obligation dealing with the party located in its jurisdiction. Discovery may be conducted through written materials transmitted between jurisdictions. One purpose of this scheme is to allow the petitioner to enforce the support obligation without appearing in the defendant's jurisdiction. Instead, the Act provides for a representative for the petitioner in the responding court. Section 37(5) provides:
 "It shall not be necessary for the petitioner or the petitioner's witnesses to appear personally at such hearing, but it shall be the duty of the petitioner's representative* of the responding state to appear on behalf of and represent the petitioner at all stages of the proceeding".
Section 39 of the Act mandates such representation at all stages of every proceeding:
 "It shall be the duty of all petitioner's representatives of this state to appear in this state on behalf of and represent the petitioner in every proceeding pursuant to this article, at the time the petition is filed and at all stages of the proceeding thereafter, and to obtain and present such evidence or proof as may be required by the court in the initiating state or the responding state".
The provisions of the Act do not explicitly establish any exceptions to or limits on this requirement (see Matter of Maza V Iaia, 105 Misc.2d 992,994-996 [Fam Ct, Queens Co, 1980]). In contrast to its general provisions for conducting the bifurcated enforcement proceeding so that the parties need not appear outside their own jurisdiction, the Act also makes the following provision for discovery:
 "If the petitioner does not reside, work, or is not domiciled in the county in which the petition has been filed, or within 50 miles of said county, all pre-trial discovery upon the petitioner shall be by written interrogatories, deposition upon written questions, requests for production of documents and/or requests for admission. . .".
This section allows, for purposes of pre-trial discovery, the defendant to require the personal apearance of a petitioner who does live or work or who is domiciled in the county of the responding court or within 50 miles of that county.
In our view, the provisions of the statute set forth above require that the county attorney represent a petitioner who appears personally in the responding court. By statute, the county attorney is the "petitioner's representative" and is required to represent the petitioner in every proceeding under the Act.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* "Petitioner's representative" shall mean and include a corporation counsel, county attorney, state's attorney, commonwealth attorney and any other public officer, by whatever title his public office may be known, charged by law with the duty of instituting, maintaining or prosecuting a proceeding under this article or under the laws of the state or states wherein the petitioner and the respondent reside (Domestic Relations Law, § 31[7]).