Appellant-plaintiff Elsiris Quinones Perez appeals a judgment awarding her $4,416 in child support arrearages. This Court reverses.
 I.
Perez and Appellee-defendant Orlando E. Rodriguez Ponce were married in Puerto Rico on August 8, 1975. Their marriage produced two children. However, in 1982, shortly after the birth of their second child, Perez was granted a divorce by a Puerto Rican court. The Puerto Rican judgment of divorce contained a support order effective August 27, 1982, requiring Ponce to pay $1,300 per month in combined child and spousal support. Ponce made some payments directly to Perez in satisfaction of this order.
In 1984, Ponce moved to New York. Shortly thereafter, Perez instituted an action in a New York court under N.Y. Domestic Relations Law Article 3-A, New York's Uniform Support of Dependants Law ("USDL"), seeking to collect past due child support from Ponce. Pursuant to the USDL action, Ponce was ordered to pay child support of $430 per month effective March 1, 1986. Again, Ponce made some payments directly to Perez in satisfaction of this order.
In 1990, Ponce moved to Ohio and Perez filed a petition in the Summit County Juvenile Court under R.C. Chapter 3115, Ohio's Uniform Reciprocal Enforcement of Support Act ("URESA"). Pursuant to Perez's URESA petition, the juvenile court temporarily set child support at $1,000 per month effective September 1, 1992, and specifically stated that issues of past and current child support would be postponed until a later date. Once again, Ponce made some payments directly to Perez.
In 1996, Perez filed a motion with the Domestic Relations Division of the Summit County Court of Common Pleas requesting, in part, a judgment for support arrearages and interest based on the Puerto Rican support order. In response, Ponce filed a motion for enforcement of the New York USDL support order. The trial court eventually determined that the New York USDL support order modified the Puerto Rican support order. As such, the trial court calculated the support arrearage based primarily on the New York USDL support order. Perez timely appealed to this Court.
 II.
Perez's second assignment of error states:
 The Trial Court erred in finding that orders from the New York or Ohio Courts effectively modified the original support order issued in Puerto Rico[.]
Insofar as the New York USDL support order is concerned, this assignment of error is well taken.
The trial court in the instant case interpreted the New York USDL support order as having modified the Puerto Rican support order. In so doing, the trial court relied primarily on New York case law stating that New York courts may determine the amount of support on a de novo basis when an action is instituted pursuant to the USDL. However, the trial court misconstrued the effect of the cases upon which it relied. For instance, the trial court relied in part on Griffin v. Griffin (1983), 122 Misc.2d 536,471 N.Y.S.2d 762. In Griffin, an ex-wife brought a USDL action against her ex-husband seeking $100 per week in child support. In his defense, the ex-husband pointed to a prior divorce decree that only required him to pay $70 per week in child support. Nevertheless, the Griffin court proceeded to determine the USDL petition, holding that it had "the authority in this proceeding to determine support for the children on a de novo [sic] basis, not bound by either the Supreme Court's judgment of divorce or the parties' [sic] separation agreement." Id. at 539,471 N.Y.S.2d at 764. The Griffin court did not modify the prior support order; it merely subjected the ex-husband to an additional liability under the USDL.
In that regard, the USDL specifically states that it is an "additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter." N.Y. Domestic Relations Law 41(1). Based on this language, New York courts have repeatedly held that USDL support orders do not reduce or supersede prior non-USDL support orders. See, e.g., Brizzi v. Brizzi (1983), 92 A.D.2d 919, 919,460 N.Y.S.2d 345, 346; Kaplan v. Kaplan (1990), 167 A.D.2d 652, ___, 563 N.Y.S.2d 241, 242-243.
 [T]he intent of the draftsmen of the USDL was to enlarge the remedies of dependents, not diminish them. A corollary of that intention is that the USDL was designed to enforce previously determined support obligations by the making of support orders, not to modify or terminate non-USDL support orders. The USDL provides an independent source of jurisdiction over a respondent, unrelated to the continuing jurisdiction attendant to the prior divorce proceeding between the parties.
(Citations omitted.) Smith v. Smith (1984), 124 Misc.2d 633,633-634, 476 N.Y.S.2d 760, 761. "To construe [a] USDL order as a modification of [a] divorce judgment would impair [the dependents'] right to seek a money judgment for arrears under the original divorce judgment, a result clearly contrary to the USDL's character as an `additional or alternative' remedy." Nichols v.Bardua (1980), 74 A.D.2d 566, 567, 424 N.Y.S.2d 288, 289. Therefore, the New York USDL support order had no effect on the prior Puerto Rican support order.
 III.
Because Perez's second assignment of error was dispositive, her remaining assignments of error will not be addressed. The trial court's decision is reversed in its entirety and the case is remanded for full reconsideration of the parties' motions.
Judgment reversed and cause remanded.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ DONNA J. CARR
 FOR THE COURT
SLABY, P. J.
BAIRD, J.
CONCUR