[842 NYS2d 826]

In the Matter of BOBBIJEAN P., a Child Alleged to be Neglected. MONROE COUNTY DEPARTMENT OF HUMAN AND HEALTH SERVICES, Now Known as MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; STEPHANIE P., Appellant, et al., Respondent.

Fourth Department, September 28, 2007

**APPEARANCES OF COUNSEL**

*Edward J. Nowak, Public Defender*, Rochester (*Eric Dolan* of counsel), for appellant.

*Eftihia Bourtis, Law Guardian*, Webster, for Bobbijean P.

*Galen L. Sherwin*, New York City, for New York Civil Liberties Union Foundation, and *Tiloma Jayasinghe* for National Advocates for Pregnant Women, amici curiae.

**OPINION OF THE COURT**

HURLBUTT, J.

Stephanie P. (respondent) appeals from an order denying her motion pursuant to, inter alia, Family Court Act former § 1042, to vacate that part of an order in this neglect proceeding entered March 31, 2004 that prohibits her from becoming pregnant. Petitioner, the Monroe County Department of Human and Health Services, now known as the Monroe County Department of Human Services (DHS), took no position on respondent's motion in Family Court and has taken no position on this appeal. The Law Guardian opposed the motion in Family Court and now seeks affirmance. We conclude that the court had no authority to prohibit respondent from procreating. Thus, the order should be reversed, the motion granted and that part of the order entered March 31, 2004 vacated.

Bobbijean P. was born on March 23, 2003. Because respondents, her parents, were homeless crack cocaine addicts and Bobbijean tested positive for crack cocaine upon birth, the court removed her from respondents and placed her with a relative, under the supervision of DHS. DHS filed a neglect petition and, after her initial appearance, respondent failed to appear for the hearing on the petition, held on June 17, 2003. On March 31, 2004, the court issued an order finding that respondents had neglected Bobbijean. The court adopted the dispositional plan proposed by DHS, with additional conditions. Among those conditions was an order that respondent "shall not get pregnant again until and unless she has actually obtained custody and care of Bobbijean P. and every other child of hers who is in fos-

ter care and has not been adopted or institutionalized."* There are three other such children.

Initially, we note that the Law Guardian does not dispute respondent's contention that, although the issue raised on this appeal is now moot, it nevertheless falls within the exception to the mootness doctrine. We agree with respondent that the issue falls within the exception to the mootness doctrine inasmuch as it "(1) is likely to recur, (2) will typically evade review and (3) is substantial and novel" (*Matter of Chenier v Richard W.*, 82 NY2d 830, 832 [1993]; *see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of Kevin R.*, 251 AD2d 1022, 1023 [1998]).

Turning to the merits of the motion, we conclude that the court erred in denying it. First, the record establishes that the court denied the motion on the ground that respondent had willfully refused to appear at the hearing. That was error. Regardless of whether respondent willfully defaulted with respect to the hearing, an order prohibiting respondent from conceiving a child is, insofar as our research discloses, unprecedented in this state, and such consequences could not have been anticipated by respondent. Under such circumstances, the court should have granted respondent's motion seeking to vacate the "no pregnancy" condition of the order of disposition and should have afforded respondent an opportunity to be heard on that condition.

Second, and dispositively, we conclude that the court should have granted respondent's motion because it had no authority to impose the "no pregnancy" condition. "Family Court possesses only the power which is explicitly conferred on it by statute" (*Matter of Martin v Martin*, 127 AD2d 266, 269 [1987]; *see Matter of Lamedh B.*, 299 AD2d 966 [2002]; *Matter of Borkowski v Borkowski*, 38 AD2d 752 [1972]). Here, the conditions that may be imposed on respondent are authorized by Family Court Act § 1057, which provides that "[r]ules of court shall define permissible terms and conditions of [DHS's] supervision" over respondent. Those "rules of court" are set forth in 22 NYCRR 205.83 (a) and (b), and none of the conditions authorized therein includes prohibiting procreation, nor does any authorized condition impliedly include such a prohibition. Specifically, we reject

---

* That order similarly mandated that Bobbijean's father "shall not father any other child or children until and unless he has actually obtained custody and care of Bobbijean P. and every other child of his who is in foster care," but he has not sought relief from that provision.

the contention of the Law Guardian and the reasoning of Judge O'Connor in *Matter of V.R.* (6 Misc 3d 1003[A], 2004 NY Slip Op 51706[U], *6-7) that the "no pregnancy" condition is impliedly authorized by section 205.83 (a) (5), (b) (2) or (b) (7). In our view, the compelled use of birth control measures is not encompassed within the term "medical treatment" under subdivision (a) (5), nor does a prohibition against reproduction address the goals of remedying the acts found to have caused the neglect or of safeguarding the well-being of the child within the meaning of section 205.83 (b) (2) and (7), respectively.

Although respondent raises issues concerning the constitutionality of an order prohibiting her from becoming pregnant, we do not address those issues. "Because a compelling nonconstitutional ground resolves this appeal, we refrain . . . from addressing the constitutional issues raised" (*Matter of Clara C. v William L.*, 96 NY2d 244, 250 [2001]).

Accordingly, we conclude that the order should be reversed, the motion granted and that part of the order entered March 31, 2004 prohibiting respondent from becoming pregnant vacated.

SCUDDER, P.J., GORSKI, CENTRA and GREEN, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, without costs, the motion is granted and the third additional ordering paragraph of the order entered March 31, 2004 is vacated.