■ MARIE LANUM, Respondent, v ASA W. LANUM, Appellant. — In a proceeding pursuant to section 244 of the Domestic Relations Law, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Rosenblatt, J.), dated February 4, 1982, as granted the mother a money judgment for arrears in the amount of $7,361. Order modified, on the facts, by reducing the money judgment for arrears to the amount of $5,895. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. The parties were divorced by a 1975 decree of the Supreme Court, Dutchess County, which incorporated, but did not merge a separation agreement providing for child support in the initial amount of $82 per week. Subsequently, the mother petitioned for support under the Uniform Support of Dependents Law (USDL; Domestic Relations Law, art 3-A), the father having moved to California and fallen behind in his support payments. In March, 1977, California, pursuant to its Revised Uniform Reciprocal Enforcement of Support Act, directed the father to pay child support in the amount of $200 per month. The mother now seeks, *inter alia,* a money judgment for arrears accumulating under the original New York divorce decree; and Special Term has, in part, granted her motion for such judgment. It is clear that the 1977 California order, arising out of the mother's USDL proceeding, did not reduce or supersede the father's obligation to provide child support in conformance with the 1975 New York divorce decree (see *Matter of Brizzi v Brizzi,* 92 AD2d 919; *Nichols v Bardua,* 74 AD2d 566). California's Revised Uniform Reciprocal Enforcement of Support Act (the analogue of our USDL) states that "The remedies provided in this title are in addition to and not in substitution for any other remedies" (Cal Code Civ Pro, § 1654) and that "A support order made by a court of this state pursuant to this title does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar provision of law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state" (Cal Code Civ Pro, § 1689). This is similar to the mandate of our USDL which provides that article 3-A of the Domestic Relations Law is to be construed as furnishing "an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter" (Domestic Relations Law, § 41, subd 1). The father's compliance with the California order being ineffective to alter his obligations under the New York divorce decree, the mother is entitled to a money judgment for arrears accumulating under such decree. We have,

however, modified the amount of the money judgment awarded in accordance with the parties' recognition of an arithmetical error committed by Special Term. Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.