■ In the Matter of ANTONIA BRIZZI, Respondent, v CARL BRIZZI, Appellant. — In a proceeding initiated under the Uniform Support of Dependents Law and later converted to one pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Richmond County (Meyer, J.), dated October 20, 1981, which held that a child support order made March 14, 1974 was at no time vacated and continues as the order of the court, fixed arrears thereunder at $7,690 as of June 12, 1981, denied the father's request for setoffs, and continued support at $60 per week plus $20 against arrears. Order affirmed, without costs or disbursements. The parties were divorced in the Supreme Court, Kings County. The decree provided for continuance of a temporary support order of the Family Court, Kings County, dated January 3, 1974, requiring the father to pay $60 per week for his two children, and referred all questions regarding support to the Family Court. On March 14, 1974 the Family Court entered a final order of support at $60 per week. In 1976 the petitioner mother, having remarried, moved with the children to Indiana. In October, 1976 she petitioned for support under the Indiana Reciprocal Enforcement of Support Act. In answer to a summons, the father appeared in the Family Court, Kings County, which, pursuant to the Uniform Support of Dependents Law (USDL; Domestic Relations Law, art 3-A), and by order dated February 15, 1977, directed him to pay the sum of $40 per week for child support. In 1981 the parties personally appeared in Family Court, Richmond County, on a violation petition and a petition for downward modification of support payments so as to deduct payments made for air fare for the children's visitation and for suspension of support during extended periods when petitioner mother had been unable to care for the children (which petition was treated as one for setoffs against arrears). After the issues were narrowed by the parties, the Family Court held that the 1977 USDL order did not supersede the March 14, 1974 order, and that the petitioner mother was entitled to arrears under the 1974 order. The father's request for setoffs was denied. We affirm. It is clear that the 1977 Family Court USDL order did not reduce or supersede the father's obligation to provide child support in accordance with the March 14, 1974 order of the Family Court (see *Lanum v Lanum,* 92 AD2d 912; *Nichols v Bardua,* 74 AD2d 566). The remedies available pursuant to the USDL are "additional or alternative" remedies and "in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter"

(Domestic Relations Law, § 41, subd 1). Hence, petitioner is entitled to arrears accrued under the March 14, 1974 order of support. As respects the father's request for setoffs, the simple fact is that he failed to timely move for downward modification or suspension of support payments to cover the situation of the children residing with him for extended periods of time. Having failed to do so, we cannot now retroactively modify the March 14, 1974 support order. Damiani, J. P., Mangano, O'Connor and Brown, JJ., concur.