■ CORNELIA CUMMING, Respondent, v STUART CUMMING, Appellant.—In a matrimonial action, defendant husband appeals from an order of the Supreme Court, Westchester County (Jiudice, J.), dated August 29, 1984, which denied his motion pursuant to CPLR 5015 (a) to vacate a default judgment of that same court dated March 2, 1984 which, *inter alia,* awarded plaintiff wife the sum of $11,177.84 for support arrears, medical expenses and counsel fees.

Order modified, on the law, by granting that branch of defendant's motion which sought to vacate the portion of the default judgment dated March 2, 1984 awarding plaintiff a sum of money representing additional arrears which accrued since the motion for a money judgment was made. As so modified, order affirmed, with costs to plaintiff, and matter remitted to Special Term for further proceedings consistent herewith.

Based on the facts of this case, Special Term properly refused to vacate defendant's default in appearance at the hearing on plaintiff's motion, *inter alia,* for support arrears. Defendant failed to establish both a reasonable excuse for his default and that he had a meritorious defense *(see, Passalacqua v Banat,* 103 AD2d 769, *appeal dismissed* 63 NY2d 770; *County Asphalt v North Rockland Underground Corp.,* 96 AD2d 570).

Special Term erred, however, in awarding plaintiff, upon the oral application of her counsel, support arrears which had accrued since the motion for a money judgment was made. Domestic Relations Law § 244-a permits the granting of such

relief "provided that written notice of the intention to so amend has been given eight days previously". In this case, no written notice was served upon defendant and thus the requested additional relief should have been denied. Accordingly, this matter is remitted to Special Term for the entry of a judgment consistent herewith.

Parenthetically, we note that Special Term improperly limited plaintiff's support arrears recovery for the period during which a Uniform Support of Dependents Law (USDL) order, obtained by defendant in Florida, was in effect. The parties' 1973 divorce decree required defendant to pay child support in the sum of $37.50 a week for each of the parties' two children. In 1976, defendant, then residing in Florida, obtained an order pursuant to the USDL in Florida which limited his obligation of child support to $120 a month for each of the two children. It is well settled that the 1976 Florida USDL order did not reduce or supersede defendant's obligation to provide child support in conformity with the 1973 New York divorce decree (see, Lanum v Lanum, 92 AD2d 912; Matter of Brizzi v Brizzi, 92 AD2d 919; Nichols v Bardua, 74 AD2d 566). Accordingly, plaintiff should have been permitted to recover the difference between the amount owed under the 1976 Florida USDL order and that owed under the parties' 1973 divorce decree. However, we cannot grant this affirmative relief to plaintiff since she has not appealed from the underlying judgment which defendant sought to vacate. Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.