■ In the Matter of ELYSE QUILL, Appellant, v TIMOTHY QUILL, Respondent.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A) to recover child support under a judgment of divorce rendered in Florida, the petitioner mother appeals from an order of the Family Court, Nassau County (Feiden, J.), dated November 6, 1985, which (1) ordered that the respondent father pay child support of $50 per week, (2) made a de novo provision for child visitation, and (3) conditioned the payment of support upon the petitioner's allowing visitation.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.

Inasmuch as the petitioner was not a resident of this State and there was no prior order fixing the terms of visitation, the Family Court lacked jurisdiction to provide de novo for visitation and to condition support payments upon the petitioner's permitting such visitation (see, Bonavito v Bonavito, 112 AD2d 41; Griffin v Griffin, 89 AD2d 310).

The Uniform Support of Dependents Law provides an additional or alternate means of enforcing the petitioner's right to receive child support (Domestic Relations Law § 41 [1]). The Family Court had jurisdiction to order the respondent father to make support payments. Such a Family Court support order does not reduce or supersede the father's obligation to provide child support in accordance with the judgment of divorce (see, Cumming v Cumming, 113 AD2d 735; Lanum v Lanum, 92 AD2d 912).

Finally, we note the record of the Family Court proceedings does not indicate compliance with the provisions of Domestic Relations Law § 37 (5) through (9) (see, Nadiak v Nadiak, 19 AD2d 943). If the respondent father controverts the petition by verified denial, or alleges an inability to pay the child support set by the Florida judgment of divorce, which has also been entered in Nassau County, the Family Court is required to stay the proceedings and transmit a copy of the clerk's minutes to the Judge of the court in the initiating State (Domestic Relations Law § 37 [6]). Only after completing the proceedings set out in Domestic Relations Law § 37 (7) and (9), including the right to cross-examine by means of depositions

or written interrogatories, should the Family Court make its determination and order for child support. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.