■ ANN-MARIE SHARP, Appellant, v WILLIAM D. SHARP, SR., Respondent.—In a matrimonial action in which the parties were divorced by judgment dated December 14, 1982, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), entered January 5, 1989, which denied her motion for leave to enter a judgment for child support arrears.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine child support arrears due pursuant to the amended judgment of divorce dated February 23, 1983, and the plaintiff's entitlement to an award of expenses pursuant to Domestic Relations Law § 238.

The plaintiff Ann-Marie Sharp and the defendant William Sharp were married in Glendale, New York, on December 12, 1959. They separated in 1980 when the defendant moved to California, and were divorced by a 1982 judgment of the Supreme Court, Nassau County, which awarded custody of the parties' unemancipated children to the plaintiff. The 1982 judgment was subsequently amended by a judgment dated February 23, 1983, which required the defendant to pay child support in the sum of $50 per week for each unemancipated child.

In 1985 the plaintiff commenced a proceeding in the Nassau County Family Court pursuant to Domestic Relations Law

article 3-A, the Uniform Support of Dependents Law (herein-after USDL), seeking an increase in support for the parties' two youngest sons, Thomas and Glenn. The proceeding was thereafter transferred to the Los Angeles County Superior Court, and on April 9, 1987, that court issued an order directing the defendant to make increased support payments of $300 per month per child until Thomas and Glenn reached the age of 18, which is the age of emancipation under Califor-nia law. When Thomas reached the age of 18 six months later, the California court terminated the defendant's obligation to make support payments on his behalf through the court trustee. After the youngest son, Glenn, reached the age of 18 on September 14, 1988, the California court trustee adminis-tratively closed its case.

Shortly after Glenn's 18th birthday, the plaintiff moved, *inter alia,* for a money judgment for support arrears under the 1983 amended divorce judgment. The Supreme Court denied her motion, concluding that the provision in the USDL support order by the California court which required the defendant to provide support only until his sons reached the age of 18 modified the New York divorce decree. We disagree.

The purpose of the USDL is to obviate jurisdictional and procedural problems inherent in the enforcement of a support order in a different State, and to provide an expeditious means for dependent spouses and children to obtain support without the necessity of traveling to a distant State *(see, Barone v Hill,* 148 AD2d 139; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 30, at 168). However, a USDL proceeding is "not intended to modify or supersede any already existing support obligations, and is not affected by any other support proceedings, orders, or judgments" *(Matter of LaBoy v Hernandez,* 131 AD2d 485; *see also, Matter of Brizzi v Brizzi,* 92 AD2d 919; *Lanum v Lanum,* 92 AD2d 912). Rather, Domestic Relations Law § 41 (1) ex-pressly provides that the USDL shall be construed as provid-ing an "additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter".

To construe the California USDL order as a modification of the New York divorce decree would impair the plaintiff's right to obtain a money judgment for arrears which have accrued pursuant to that decree and pursuant to New York law, which obligates a parent to support his or her children until age 21 (see, Family Ct Act § 413; Domestic Relations Law § 32 [2]). As

such a result would be contrary to the character of the USDL as an "additional or alternative" remedy (see, Matter of Brizzi v Brizzi, supra; Lanum v Lanum, supra; Nichols v Bardua, 74 AD2d 566; Smith v Smith, 124 Misc 2d 633), we remit this matter to the Supreme Court for a hearing to determine child support arrears due pursuant to the 1983 amended judgment of divorce, and in accordance with Domestic Relations Law § 244. At the hearing the Supreme Court must also address the plaintiff's application to recover expenses incurred in representing herself in this enforcement proceeding pursuant to Domestic Relations Law § 238, which permits a court in its discretion to require a spouse to pay his wife's expenses "in bringing, carrying on, or defending such action or proceeding" (see, Maplewood Mgt. v Best, 143 AD2d 978). Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.