**26** In the Matter of LESTER KAPLAN, Appellant, v LINDA

KAPLAN, Respondent.—Yesawich, Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Family Court of Dutchess County (Bernhard, J.), entered September 22, 1989, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 4, to stay registration of a foreign support order from California.

In 1977, upon petitioner's default, respondent obtained a California interlocutory judgment dissolving the parties' marriage. The judgment directed petitioner to pay $500 per month for the support of the parties' child. In 1978, respondent filed a petition pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A; hereinafter USDL) in Westchester County and child support was granted. Nine years later that order was modified by one issued by Dutchess County Family Court, which required petitioner to pay child support of $75 per week and an additional $15 per week to satisfy arrearages.

In 1988, respondent registered the 1977 California judgment in Dutchess County Family Court (see, Domestic Relations Law § 37-a). Petitioner thereupon commenced the instant proceeding seeking to stay or vacate registration of the California judgment. After a hearing, the Hearing Examiner granted respondent's motion to dismiss the petition and Family Court sustained that determination. Petitioner maintains that respondent's decision to pursue child support by way of the USDL precludes her from also registering the earlier California judgment, and that to allow her to register the judgment after filing two USDL petitions violates the doctrine of election of remedies and due process of law. We disagree.

The Legislature enacted the USDL to facilitate enforcement of support responsibilities (see, Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 30, at 169). That legislation was intended to enlarge, not diminish, the remedies available to dependents (see, Smith v Smith, 124 Misc 2d 633; Cahn v Cahn, 117 Misc 2d 1054, 1056). Indeed, the Legislature has expressly declared: "[The USDL] shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter" (Domestic Relations Law § 41 [1]). Clearly, then, there is no merit to petitioner's contention that respondent is foreclosed by the election of remedies doctrine from registering the California judgment because she has already pursued her

claim through USDL proceedings. Furthermore, petitioner's view notwithstanding, those USDL support orders did not extinguish or supersede the California judgment (see, Matter of Quill v Quill, 136 AD2d 708; Cumming v Cumming, 113 AD2d 735; Matter of Brizzi v Brizzi, 92 AD2d 919). And, as petitioner has not established any of the statutorily enumerated grounds for vacating the registration (see, Domestic Relations Law § 37-a [6] [b]), Family Court properly dismissed the petition.

Petitioner's due process claim, that it is unfair to permit respondent to collect arrearages which accumulated under the decade-old California judgment during the years he paid support pursuant to the USDL orders, need not be addressed for its resolution does not bear on whether respondent may register the judgment.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.