OPINION OF THE COURT
Richard V. Hunt, J.
The matter before the court concerns the registration and enforcement of a foreign order of support pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A; hereinafter USDL). The respondent has filed an objection to an order of the Family Court Hearing Examiner, dated August 8, 1995, which granted the petitioner’s motion for summary judgment, dismissed the respondent’s petition requesting vacatur of the registration of a California order of support, and determined the child support arrears due the petitioner to be $28,510.
The parties in this matter, formerly husband and wife, were divorced by decree of the Superior Court of California, County of Los Angeles, dated December 8, 1988. Pursuant to that decree, the respondent was ordered to provide child support in the amount of $550 per month. On December 21, 1988, shortly after entry of the California order, the petitioner obtained a *143 support order from this court, pursuant to the USDL, which ordered the respondent to pay $200 per month for the support of the parties’ children. Apparently, neither order has been modified since its issuance, and both are still in full force and effect. On November 28, 1994, this court received a USDL child support enforcement transmittal from the Los Angeles County District Attorney’s office requesting the registration and enforcement of the parties’ California divorce decree and its child support provisions. The Family Court Clerk then notified the respondent of the support order’s registration by a Family Court summons dated November 30, 1994. Upon receipt of the notice, respondent moved to vacate the registration due to the failure to comply with the notice provisions of Domestic Relations Law § 37-a (5) (b). The Hearing Examiner granted that motion by decision dated April 24, 1995. On May 9, 1995, the Family Court Clerk re-served the respondent in accordance with the procedure mandated by the statute. After receiving proper notice, the respondent petitioned the court requesting that the order be denied registration. Respondent cited various alleged procedural errors, laches, estoppel and due process arguments as warranting vacatur of the order’s registration. Petitioner moved for summary judgment seeking confirmation of the order’s registration, dismissal of respondent’s petition and the entering of an order for accrued arrears due. The petitioner’s motion was granted, and the order for arrears entered. This objection followed.
The respondent alleges two objections to the registration and enforcement of the California order: that the petitioner’s papers did not comply with the procedural requirements of Domestic Relations Law § 37-a; and that the order should not be registered and enforced due to the petitioner’s acceptance of payments under the lower New York support order for the past seven years, and her delay in enforcing the higher California support order.
 In his first objection, the respondent argues that the petitioner’s papers listed his address, employer, and the dates of his support payments incorrectly. He also alleges that the order should not be registered in Jefferson County as he has resided in St. Lawrence County for the past four years. These arguments are without merit. The court first notes that where the parties are divorced, live on opposite sides of the country, and are not on cordial terms, it may be extraordinarily difficult for the petitioner to know the respondent’s current address and employer. Although the statute requires the inter *144 state transmittal to contain this information, the information’s purpose is to assist the local support collection unit in locating the respondent and collecting the support due. A respondent would be prejudiced by an error in his address only if it resulted in his not receiving timely notice of the order’s registration. That issue is not before the court as the respondent in this case received actual notice, as demonstrated by his filing of a petition to vacate the registration. Similarly, the respondent would not be prejudiced by an error in citing his employer. In fact, such an error would more likely be prejudical to the petitioner by making it more difficult to serve an income execution. Only an error in the schedule of respondent’s support payments would be of significant prejudice to the respondent; and in that case, the statute provides an opportunity to correct the error, as is discussed more fully below.
The respondent’s argument that this court lacks jurisdiction to hear this matter also must fail. Although the respondent may be a resident of a different county, that is no bar to the registration of a foreign support order. The Family Court is a court of State-wide jurisdiction (Family Ct Act art 1) and as such possesses jurisdiction to hear this matter. In addition, Domestic Relations Law § 37-a contains no provision limiting the registration of a foreign support order to the county where the respondent resides. Although there are few New York cases which consider the registration provisions of the USDL, the court has reviewed cases from other States which interpret its equivalent, the Revised Uniform Reciprocal Enforcement of Support Act. Although not controlling on this court, the reasoning of these foreign courts may be helpful. In Pinner v Pinner (33 NC App 204, 234 SE2d 633) a North Carolina court considered whether jurisdiction over the person of a respondent is necessary for the registration of a support order. In deciding that it was not, the court wrote: "The mere registration of a foreign support order * * * is a ministerial duty of the clerk. By that act no court or agency of the state is purporting to exercise power over the obligor or his property. Registration does not prejudice any rights of the obligor; it merely changes the status of the foreign support order by allowing it to be treated the same as a support order issued by a court of North Carolina.” (33 NC App 204, 207, 234 SE2d 633, 636, supra.) This court would agree.
The court would further note that at this time it need not consider whether Jefferson County is a proper venue for this matter. The respondent has not moved for a change of venue, and thus, that issue is not before the court.
*145 The respondent’s second objection alleges that the registration and enforcement of the California order should be denied due to laches, estoppel and due process grounds. He argues that he was unaware of his obligation under that order as he faithfully complied with the New York order. The petitioner accepted payments tendered in accordance with the New York order and took no action to enforce the higher California order. The respondent further argues that should the court confirm the foreign order’s registration, the petitioner should be denied the accrued arrears due to her delay in moving to register the order. He alleges the accrual of arrears constitutes an extraordinary situation and that they may be abated despite New York’s policy not to vacate arrears accrued prior to the making of an application for such relief. (Family Ct Act § 451.)
In Kaplan v Kaplan (167 AD2d 652), the Supreme Court, Appellate Division, Third Department, addressed a factual situation similar to the present one. In Kaplan, California had issued a support order as part of the parties’ divorce decree, and New York had issued a USDL support order. The California order was for a higher amount than the New York order. The husband support-payor complied with the New York order for 10 years. In 1988, the wife sought to register the California order in New York and collect the accrued arrears. The Appellate Division ruled that the wife was not precluded from registering the California support order despite her earlier decision to pursue support under the USDL. Further, the court held that she was not bound by an election of remedies doctrine and that the foreign order’s registration did not violate the due process rights of the husband. However, the court did not determine the issue of the collection of accrued arrears, stating: "Petitioner’s due process claim, that it is unfair to permit respondent to collect arrearages which accumulated under the decade-old California judgment during the years he paid support pursuant to the USDL orders, need not be addressed for its resolution does not bear on whether respondent may register the judgment” (see, Kaplan v Kaplan, 167 AD2d 652, 654, supra). The Appellate Division recognized that the registration and enforcement of a foreign order of support pursuant to Domestic Relations Law § 37-a is a two-step process. The Court considered the issue of registration only. The issues of the order’s enforcement and whether the collection of accrued arrears was a violation of the husband’s due process rights were deferred to a later time. This court would note that *146 other States’ courts have also recognized this two-step process (see, Rimsans v Rimsans, 261 NJ Super 214, 220, 618 A2d 854, 857; Chapman v Chapman, 205 Cal App 3d 253, 258, 252 Cal Rptr 359, 362) and that such an interpretation is consistent with the statute’s language. Domestic Relations Law § 37-a (5) (a) states that upon receipt of the documents from the foreign court, the documents shall be filed, and "[t]he filing constitutes registration under this section.” The respondent may petition the court to vacate that registration, but must allege grounds such as would be available as defenses in an action to enforce a foreign money judgment: a pending appeal of the judgment; a stay of the judgment; the vacation of the order; or, any ground upon which the order is likely to be vacated. The vacatur proceeding, and the court’s narrow inquiry, go only to the order’s registration, not to its enforcement. In this matter, the respondent failed to allege any of the grounds warranting vacatur of the foreign order’s registration. Therefore, the Hearing Examiner’s finding of summary judgment on the issue of registration was correct and shall be affirmed. However, on the issue of accrued arrears due under the California order, this court is of the opinion that the Hearing Examiner erred when he denied the respondent an opportunity to challenge the petitioner’s claim to those arrears. After registration, the foreign order may be enforced and satisfied in the same manner as a support order issued by a court of this State (Domestic Relations Law § 37-a [6] [a]). In any enforcement matter before a court of this State, the respondent has the right to a hearing at which he may contest the amount of arrearage due (Family Ct Act §§ 451, 453, 454). In this matter, the respondent was denied that opportunity. In fact, after the Hearing Examiner granted summary judgment, the arrears were calculated by petitioner’s counsel, and sent to the Hearing Examiner for inclusion in his order. The court notes that the petitioner’s papers requesting registration and enforcement contained an affidavit of the arrears due. This affidavit is a pleading. It is not a foreign court’s order entitled to full faith and credit. As a pleading, it may be challenged, and the fact finder must determine its truth or falsity. To deny the respondent that right, is to deny his right to due process (US Const 5th Amend; NY Const, art I, § 6). This matter must therefore be returned to the Hearing Examiner so that the respondent may be given the opportunity for a hearing on the issue of accrued arrears. Although arrears accrued before the making of an application for relief generally may not be vacated, the respondent may *147 present his laches, estoppel, and due process arguments in opposition to the petitioner’s collection of arrears accrued under the California judgment (see, Matter of Reynolds v Oster, 192 AD2d 794; Matter of Commissioner of Social Servs. v Grant, 154 Misc 2d 571). These issues, however, need not be addressed at this time, as the record has not been fully developed before the Hearing Examiner.
Therefore, as this court has reviewed and taken into consideration the objections filed by the respondent, and the responses submitted on behalf of the petitioner, and after due deliberation, it is now ordered, that the second decretal paragraph of the Hearing Examiner’s order, dated August 8, 1995, which reads as follows: "Ordered that the arrears are hereby fixed at twenty-eight thousand five hundred ten ($28,510.00) dollars due to Petitioner, Carolyn Christensen, as of July 19, 1995;” is hereby in all respects vacated; and it is further ordered, that this matter is returned to the Hearing Examiner for further proceedings in accordance with this decision and order, and is scheduled for a prehearing conference before the Hearing Examiner on January 26, 1996 at 9:30 a.m.; and it is further ordered, that the Hearing Examiner’s order, as modified, is hereby, in all other respects, affirmed.