OPINION OF THE COURT
Michael J. Miller, J.
Pursuant to Social Services Law § 111-b (12) (d) and Family *502 Court Act § 454 (5) respondent has filed a request for court review of the August 8, 1996 determination of the Monroe County Child Support Enforcement Unit (MCCSEU) to notify the New York State Department of Motor Vehicles to suspend his driving privileges due to accrued child support arrears under a Florida divorce judgment. Respondent also alleges that he is current in his payments made pursuant to a New York child support order for which amount he has not been given credit by the MCCSEU.
By Monroe County Family Court order entered on May 4, 1994 respondent was ordered to pay petitioner $50 per month for support of the parties’ son, David Cross, in a Uniform Support of Dependents Law (USDL) support matter brought by petitioner under article 3-A of the Domestic Relations Law. Petitioner also initiated a divorce proceeding in Florida which resulted in a final judgment of dissolution of marriage dated September 19, 1994. The Florida judgment included a provision for respondent’s payment of child support for David at the rate of $70 per week. Respondent alleges that he has paid child support consistently under the New York order and is current with his payments on that order, an allegation which is not opposed by petitioner. On May 8, 1996 petitioner filed the September 1994 Florida judgment with this court. Respondent was sent a notice of registration of support order by certified mail pursuant to Domestic Relations Law § 37-a giving him 20 days to petition to vacate the registration. He never did so and the registration was confirmed. Pursuant to Social Services Law § 111-b the MCCSEU then determined to suspend respondent’s driving privileges due to the fact that the accrued child support arrears under the Florida order totaled an amount greater than the amount of current support due under the Florida judgment for a period of four months. (Social Services Law § 111-b [12] [b] [1].) Respondent then submitted a written challenge to the MCCSEU which was denied. The MCCSEU determined that the 1994 New York order was superseded by the registration of the 1994 Florida judgment of divorce and established arrears of $6,323.26 dating from the issuance of the original temporary support order in the Florida proceeding through March 7, 1996. In addition, the MCCSEU stated that issues of direct pay, financial hardship, or the validity of an order must be determined by a court. Respondent has now requested this court’s review of that determination.
Respondent argues that the Florida judgment was entered upon default and therefore should not have been allowed *503 registration in New York State. Respondent also argues that the subsequent Florida order was obtained through petitioner’s fraud upon the Florida court and is therefore not a valid order which petitioner is entitled to enforce in New York. He further argues that the initial New York reciprocal support order should continue to be accepted in this State as the valid support order between the parties and should not be superseded by the filing of the Florida order.
Petitioner opposes respondent’s objection arguing that respondent, having failed to move to vacate the registration of the Florida order, cannot now challenge the New York registration of the order in this proceeding, that the reciprocal proceeding and the divorce proceeding were mutually exclusive having no effect upon each other and that respondent’s challenge to the Florida order on the basis of fraud must be brought in Florida.
Family Court is empowered by Family Court Act § 454 (5) to review a support collection unit’s denial of a challenge to their decision to notify the Department of Motor Vehicles to suspend a support obligor’s license due to accumulated support arrears. Based upon the court’s review of the record and the submissions of the respondent and the support collection unit the court may either: "(i) deny the objections and remand to the support collection unit or (ii) affirm the objections if the court finds the determination of the support collection unit is based upon a clearly erroneous determination of fact or error of law, whereupon the court shall direct the support collection unit not to notify the department of motor vehicles to suspend the support obligor’s driving privileges.” (Family Ct Act § 454 [5].)
The court finds no clearly erroneous determination of fact or error of law with regard to the decision to request the suspension of respondent’s license. Therefore, that portion of the MCCSEU decision is affirmed.
Each of respondent’s arguments against the license suspension determination must fail as a matter of law. Respondent argues that the subsequent judgment of divorce may not supersede the New York reciprocal order. However, a USDL proceeding is merely an additional statutory remedy available for the establishment and/or collection of child support within New York State. By definition, the use of a USDL proceeding has no effect on any other remedy available in relation to the same subject matter. (Domestic Relations Law § 41 [1].) A petitioner may pursue both a USDL proceeding and a nonUSDL action to enforce the same rights. (Matter of Minch v *504 Minch, 117 AD2d 737 [2d Dept 1986].) The jurisdiction acquired over a respondent in a reciprocal proceeding is independent of and unrelated to the continuing jurisdiction obtained in a substantive non-USDL proceeding such as a divorce action. (Smith v Smith, 124 Misc 2d 633 [Fam Ct, Suffolk County 1984].)* Therefore, the petitioner was fully within her rights to pursue both the New York reciprocal and the Florida divorce. Moreover, the existence of the New York order had no effect on the arrears accrued under the Florida judgment. (See, Matter of Quill v Quill, 136 AD2d 708 [2d Dept 1988]; Matter of Kaplan v Kaplan, 167 AD2d 652 [3d Dept 1990]; Cumming v Cumming, 113 AD2d 735 [2d Dept 1985]; Cahn v Cahn, 117 Misc 2d 1054 [Civ Ct, Bronx County 1982].)
 The filing of the Florida divorce superseded the New York reciprocal order. (Kaplan v Kaplan, supra.) The Florida order was properly filed pursuant to the provisions of Domestic Relations Law § 37-a. Child support orders taken by default may be registered in New York State. The provisions of Domestic Relations Law § 37-a make CPLR article 54, which prohibits the registration of default orders, inapplicable to the registration of out-of-State child support orders. (Matter of Wanda C. v Hector C., 190 AD2d 583 [1st Dept 1993].) An out-of-State child support order may only be enforced if jurisdiction was properly obtained but respondent did not challenge the registration or meet his burden of showing that the Florida *505 court lacked jurisdiction to grant the default. (Matter of Wanda C. v Hector C., supra.) The allegations of fraud raised by respondent are not a proper defense to the registration of a foreign judgment but must be raised in a proceeding to vacate the original order in the State which granted the judgment. (Domestic Relations Law § 37-a [6] [a]; CPLR art 52.) While allegations of fraud might warrant a stay in the enforcement of a foreign support order, the court finds that respondent’s allegations are not sufficient to do so at this time. (Domestic Relations Law § 37-a [6] [b].)
Finally, the court finds that it was an error of both fact and law for the MCCSEU not to credit respondent for the full amount he paid to petitioner under the New York order. Petitioner has not opposed respondent’s allegation that he is current under the New York order. Petitioner contends that the original reciprocal matter was dismissed by Florida on August 16, 1994 and submits an uncertified copy of a Florida order for dismissal of the reciprocal support proceeding as proof. Petitioner also states that this order for dismissal was served upon the Support Collection Unit which closed respondent’s account and terminated any income executions issued with regard to the reciprocal order. This court’s files show that the 1994 reciprocal order was never terminated in this court and still exists as a valid New York order. It would be fundamentally unfair to permit petitioner to collect under both the New York order and the Florida judgment. The court notes however that the payments to petitioner alleged by respondent are in excess of the amount due under the New York order. Under both New York case law and the terms of the Florida divorce judgment, respondent is not entitled to credit for these additional payments made directly to petitioner. Therefore, the court finds that respondent is entitled to a credit of $1,211.09 against the $6,323.26 arrears established by the MCCSEU.
Accordingly, this matter is remanded back to the MCCSEU upon the condition that the MCCSEU reduces the amount of arrears owed by respondent to $5,112.17.

 The Federal Full Faith and Credit for Child Support Orders Act (28 USC § 1738B [FFCCSOA]) was enacted on October 20, 1994. The FFCCSOA mandates that each State shall enforce a child support order granted by another State according to its terms and limits severely the circumstances under which a State may modify a preexisting order. The Act is analogous to the Federal Parental Kidnaping Prevention Act. (28 USC § 1738A.) Because the reciprocal order in this case now before the court was the first child support order granted in this matter, if the FFCCSOA is applicable it might operate to invalidate the child support provisions of the subsequent Florida support decree. This court holds that the FFCCSOA does not apply to preexisting USDL orders which are neither granted under the continuing jurisdiction contemplated by the Act nor meant to be the final adjudication of the child support rights of the parties or their children. As stated in the congressional findings, statement of policy, and declaration of purposes for the Act, it was intended to discourage noncustodial parents from relocating outside the State where the children and the custodial parent live and to reduce the problem of relatively low levels of child support granted in USDL cases. (Pub L 103-383 § 2; 108 US Stat 4063.) To hold that the USDL order invalidates or otherwise affects the subsequent judgment of divorce would clearly be inconsistent with the stated purpose of the Federal Act.