ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, appellant Luis Cumba-Ortiz appeals the Cuyahoga County Domestic Relations Court's enforcement of a child support order issued by a court in Puerto Rico. Cumba-Ortiz assigns the following error for our review:
"The trial court incorrectly denied appellant's motion to vacate judgment as the judgment is void for lack of subject matter jurisdiction."
 {¶ 2} After reviewing the record and pertinent law, we vacate and remand the trial court's judgment regarding the arrearage, and affirm the trial court's judgment regarding Cruz's current child support obligation. The apposite facts follow.
 Facts {¶ 3} Cumba-Ortiz ("father") and Luis Rivera Cruz ("mother"), were married in 1969 in New York. They were 17 years old at the time and separated after only a few months. The mother moved to Philadelphia and gave birth to a daughter on August 18, 1970. The child suffers from severe retardation, which renders her totally and permanently incapacitated. The father was unaware of the child's birth until October 1971 when he received a copy of a journal entry from Puerto Rico finalizing his divorce and ordering him to pay $40/week in child support.
 {¶ 4} In 1976, the mother moved to New York with the child and filed a petition of enforcement of the Puerto Rico order in New York. The father received notice and both parties appeared before the court in New York. The New York court issued an order in which it modified the support order to $25/week. In this order, the New York court stated in reference to the prior Puerto Rico order, "Puerto Rico court has not retained exclusive jurisdiction to enforce said order."
 {¶ 5} On April 18, 1978, the father requested the New York court terminate his support order based on the fact the mother no longer resided within the jurisdiction of New York. The mother moved with the daughter without informing the court of her new address. The court granted the motion after unsuccessfully trying to locate the mother.
 {¶ 6} Eventually the father moved to Cleveland, Ohio. On December 13, 2003, 25 years after New York terminated the support order, he received a notification from the child support enforcement agency in Puerto Rico seeking to collect $65,306.62 in arrears. The amount was calculated based on the original 1971 support order in Puerto Rico, which obligated the father to pay $40/week in support.
 {¶ 7} The mother filed a notice of registration with the Cuyahoga County Domestic Relations Court to enforce the order from the Puerto Rico court. A hearing was held on June 10, 2004. At that time, the father and mother entered into an agreement, which was journalized. The agreement registered the Puerto Rico order regarding the arrearage. In addition, the father agreed to pay $176.80 per month in current support, which was the monthly equivalent of $40/week ordered by the Puerto Rico court in 1971. He also agreed to pay an additional $49/month towards his arrearage. Included in the order was a statement signed by both parties, that "By consenting to the Registration of this Puerto Rico Court Order, the Respondent/Obligor does not waive Jurisdictional Defenses for relief from all Puerto Rico Court Orders."
 {¶ 8} Several months after this agreement was entered into, the father filed a motion to dismiss the settlement order for lack of subject matter jurisdiction. Prior to the father's motion being ruled upon, the Puerto Rico court modified the prior support order pursuant to a motion to increase support filed by the mother. The Puerto Rico court increased the amount of child support to $1,676/month, and also ordered the father pay an additional $503/month towards the arrearage.
 {¶ 9} A hearing was conducted on both the father's motion to dismiss and the registration of the new order issued by the Puerto Rico court. The magistrate recommended the Puerto Rico court order be enforced after concluding the father waived his argument regarding Puerto Rico's lack of jurisdiction when he consented to registering the prior arrearage order. The domestic relations court adopted the magistrate's recommendations and registered the Puerto Rico support and arrearage order.
 {¶ 10} The father filed a motion to vacate the court's order. The father argued the court in Puerto Rico had no jurisdiction over the matter because the New York court had assumed jurisdiction in 1976 when it issued the new support order and held that Puerto Rico failed to retain exclusive jurisdiction. The court denied the motion to vacate.
 Jurisdiction of Puerto Rico {¶ 11} The father contends on appeal that the domestic relations court erred in denying his motion to vacate because the court in Puerto Rico did not have jurisdiction to enforce its original order.
 {¶ 12} Initially, we note that the magistrate found that the father waived his argument as to Puerto Rico's subject matter jurisdiction by consenting to the registering of the initial arrearage order. However, the father clearly printed on the registration order as follows: "By consenting to the registration of this Puerto Rico court order, the respondent/obligor does not waive any jurisdictional defenses for relief from all Puerto Rico court orders."[1] Moreover, even if the father did consent to jurisdiction, parties may not by stipulation or agreement, confer subject matter jurisdiction on a court, where subject matter is otherwise lacking.[2] Therefore, the father did not waive his jurisdictional argument. In fact, CSEA concedes this was the wrong basis on which to find jurisdiction.[3]
 {¶ 13} Although CSEA cites to various cases that stand for the proposition that a URESA order cannot terminate or modify a prior foreign state court order, those cases are distinguishable.[4] Those cases dealt with situations where the parent and child reside in one state and seek enforcement in another state of the other parent. In the instant case, when the mother sought to enforce the Puerto Rico court order in New York, she and the child were also living in New York, as was the father. According to case precedent, New York effectively obtained exclusive and continuing jurisdiction when all the parties, including the child, had moved from the issuing state to New York.[5] At that point, Puerto Rico no longer had jurisdiction.
 {¶ 14} As a result, Puerto Rico can only order the recovery of arrears that accrued from October 4, 1971, the date of Puerto Rico's original order, until October 13, 1976, the date New York obtained jurisdiction. Because it is unclear which, if in fact any, of the $68,277.27 arrearage comprises the arrears accumulated prior to New York obtaining jurisdiction, we must remand the issue to the domestic relations court to recalculate the amount of the arrearage.
 {¶ 15} We conclude, however, that Puerto Rico reestablished its jurisdiction by issuing a new support order for the child's prospective care because the mother and daughter now again reside in Puerto Rico. In fact, the father conceded this point in his motion in response to CSEA's motion opposing his motion to dismiss; he stated, "The obligor agrees that Puerto Rico might have jurisdiction for the purpose of a new support order since the adult-child and the mother actually live in Puerto Rico, however, it is only for the purpose of a new petition and not for the enforcement of the 1972 [sic] order."[6] Although we conclude Puerto Rico does not have jurisdiction to seek enforcement of the 1971 support order for arrears that accrued after New York obtained jurisdiction, it does have jurisdiction to enter a support order for the prospective care of the child.
 {¶ 16} Accordingly, the father's sole assigned error is sustained in part and overruled in part. We affirm the trial court's judgment regarding the registration of the Puerto Rico support order concerning the child's prospective care. However, we vacate the trial court's order, which enforced Puerto Rico's attempt to collect the arrears stemming from the 1971 order and remand for recalculation of arrears that accrued from 1971 until 1976. Judgment affirmed in part and vacated and remanded in part.
This cause is affirmed in part, vacated and remanded in part. It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and Sean C. Gallagher, J., concur.
[1] June 15, 2004, Registration Order, at page 3.
[2] In re King (1980), 62 Ohio St.2d 87; Columbus CitySchool Dist. Bd. of Ed. v. Wilkins, 101 Ohio St.3d 112,2004-Ohio-296 at ¶ 20; Pauer v. Langaa, Cuyahoga App. No. 83232, 2004-Ohio-2019.
[3] CSEA appellate brief at 5.
[4] New Hanover v. Kilbourne (2003), 157 N.C. App. 239;State ex rel. Leo v. Tuthill (2000), 170 Or. App. 79; Cahn v.Cahn (1982), 459 N.Y.S.2d 657; Lanum v. Lanum (1983), 460 N.Y.S. 2d 344; Cross v. Mastowski (1996), 650 N.Y.S.2d 511;Perez v. Ponce (Apr. 28, 1999), 9th Dist. No. 18996.
[5] Dunn v. Dunn (2000), 137 Ohio App.3d 117 (Ohio lost continuing, exclusive jurisdiction over the support order because none of the parties resided in Ohio); Walker v. Walker (2000),140 Ohio App.3d 32 (pursuant to the FFCCA, 28 U.S.C.S § 1738, a court loses exclusive, continuing jurisdiction over a support order when none of the parties reside in the state); New HanoverCounty v. Kilbourne, supra at 244 (Pursuant to the UIFSA, a foreign judgment "may not be vacated or modified unless (1) both parties consent, or (2) the child, the obligor, and the obligee have all permanently left the issuing state and the registering state has personal jurisdiction over all of them"); Clark v.Clark (1998), 714 A.2d 427 (When both parties have left the issuing state and reside in same state, UIFSA does not apply and the issuing state has lost its continuing exclusive jurisdiction).
[6] Response to Petitioner's motion in opposition, Oct. 8, 2004 at page 2.